IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00674-MSK-KLM

BUSHMAN INVESTMENT PROPERTIES, LTD., a Utah limited partnership,
HOLMAN DBSI ARAPAHOE, LLC, a Utah limited liability company,
JOHN M. CLAYTOR, as Co-Executor of the Estate of William M. Claytor,
JOSEPH KLEM ANNA KLEM 2003 REVOCABLE TRUST, DATED 12-17-03,
CHARLEY A. SIMMONS,
SHIRLEY A. SIMMONS,
LINDA GRANA, and
WILLIAMS J. MURPHY, JR.

      Plaintiffs,

v.

DBSI E-470 EAST LLC, an Idaho limited liability company,
DOUGLAS L. SWENSON,
JEREMY SWENSON, and
DAVID SWENSON,

      Defendant(s).
_____

## ORDER DENYING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Doug Swenson's **Motion to Stay Discovery Pending Resolution of Defendants' "Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration"** [Docket No. 44; Filed November 3, 2009] and Defendants David and Jeremy Swenson's **Motion to Stay Discovery Pending Resolution of Defendants' "Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration"** [Docket No. 47; Filed November 6, 2009] (the "Motions to Stay"). Plaintiffs' Response in Opposition to Motions to Stay Discovery Filed by Douglas Swenson, David Swenson, and

Jeremy Swenson was filed on November 19, 2009 [Docket No. 50] and Defendant Douglas Swenson filed a Reply on December 4, 2009 [Docket No. 52]. The Swenson Defendants seek a stay pending the determination of their Motions to Dismiss or, in the Alternative, to Stay Pending Arbitration [Docket No. 21, 35, 36]. The Motions to Dismiss or to Stay Pending Arbitration have not been referred to this Court for resolution.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision). However, a stay may be appropriate in certain circumstances. The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

First, the Court notes that Plaintiffs oppose a stay and express an interest in proceeding expeditiously with their case. This is a reasonable position, as I have generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiffs' ability to proceed and may impact their ability to obtain a speedy resolution of their claims. Second, in contrast, Defendants do not suggest any *undue* burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burden. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo.

2

Oct. 1, 2008) (unpublished decision).   Although Defendants have pending Motions to Dismiss or to Stay Pending Arbitration which, if successful, justifies the imposition of a stay during the pendency of the arbitration, the requests for a stay are not based on grounds typically warranting the imposition of a stay.   More specifically, while Courts have frequently imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement.   9 U.S.C. § 3 (stay only required by Court "upon being satisfied that the issue involved ... is referable to arbitration"); *see also  Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1370 (Fed. Cir. 2006) (if district court satisfied issue involved is arbitrable, then it must grant stay); *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (7th Cir. 1994) (federal court must stay proceedings once it determines that dispute falls within scope of valid arbitration agreement).   As the Motions to Dismiss or, in the Alternative, to Stay Pending  Arbitration are not referred to me, I take no position as to Defendants' likelihood of success.   On balance, the Court finds that consideration of the first two *String Cheese Incident*  factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.   None of these factors prompts the Court to reach a different result.  The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable

3

and, hence, less manageable.  This is particularly true when the stay is tied to a pending

motion on which ultimate success is not guaranteed. While the Court identifies no particular

interest of persons not parties in the litigation, the Court identifies a strong interest held by

the public in general regarding the prompt and efficient handling of all litigation. Under

these circumstances, the Court finds that a stay of the case is not warranted.  Accordingly,

IT IS HEREBY **ORDERED** that the Motions to Stay are **DENIED**.


Dated:  January 20, 2010


BY THE COURT:


 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix